### PAVEY v FULTON et

Ohio Appeals, 4th Dist, Highland Co

Decided May 24, 1933

Barger & Orendorf, for plaintiff in error.
John W. Bricker, Attorney General, Columbus, and J. Frank Wilson, for defendants in error.

## OPINION

By MIDDLETON, J.

Pavey's contention is that the receipt of the deposits when the officers taking and accepting the same knew that the bank was then hopelessly insolvent made the whole transaction void. We are not disposed to question that claim, for the reason that the acceptance of deposits by bank officers under such circumstances is not only a fraud, but a criminal offense under the laws of this state. However, giving to his petition the most favorable interpretation that may be applied to it, it does nothing more than show fraud on the part of the bank officers and identify the plaintiff as one of a class of depositors who made their deposits when it was known by the accepting officers that the bank was insolvent. The petition does not state at what particular time the officers of the bank first had knowledge of its insolvency, but it may be assumed from the petition that in this case this condition existed prior to the time the first deposit was made. So that on its face it is shown by the petition that for approximately a month prior to the time the superintendent closed the bank it was in an insolvent condition, and that such fact was known to its officers.

It necessarily follows that all that plaintiff has declared in his petition may apply to all other general depositors who placed money in the bank between the 15th day of April and the 8th day of May. It is manifest, therefore, that if Pavey is entitled to the relief he demands a court of equity under such facts may not grant any relief until it is shown that he was the only gen-

eral depositor from April 15 to May 8, and that no other depositors are entitled to the same relief demanded by him in his petition. Moreover, if there were other depositors during that time, they are necessary parties to this suit. Otherwise it should appear in the petition that no general deposits were made between the dates named by any other persons.

We are not prepared to say, however, that the facts pleaded in the petition give Pavey any right to any special lien. The controlling facts which are generally observed by the courts to authorize such relief are wholly absent in this pleading. As before observed, we must assume that his deposits were merged with other assets of the bank, and that at the time it was closed were beyond identification. There is no attempt to plead any facts which in any way tend to specialize the plaintiff's deposits, nor are there any facts shown which might tend to establish any specific agreement or understanding between the bank and Pavey in respect to the deposits. In the absence, therefore, of such facts, recovery must depend on the rule of law that, when fraud is shown on the part of the bank, no title to the deposits passed, and therefore the depositor may, if he can identify or follow his deposits, recover the same or their value. The fact that the acceptance of the deposits in this case was accompanied by criminal responsibility cannot change that general rule. There are no degrees of fraud to be considered in fixing liens on bank assets.

The defendant bank was an unincorporated bank, and the rights of depositors in such banks are fixed by statutory law in this state, and the legislature by that law has prescribed the rule which courts must follow. §710-80, GC, gives to all depositors of an unincorporated bank preferred claims for deposits, which a court of equity must observe unless some special conditions intervene, as before noted. That section reads: "The depositors in any unincorporated bank shall have first lien on the assets of such bank, in case it is wound up, to the amount of their several deposits, and for any balance remaining unpaid, such depositors shall share in the general assets of the owner or owners alike with the general creditors."

It would be wholly inconsistent with the provisions of the foregoing law for a court of equity to undertake to divide generally the assets of unincorporated banks in any different manner or by any different plan from that prescribed by this law. It gives all depositors a first lien, and a court of equity, regardless of the fraud of the bank, will not set aside the preference thus provided and undertake to divide depositors into two or more classes to the advantage of one class and to the disadvantage and loss of a first lien by another class. Now in the instant case it must be presumed that the legislature did not intend to grant any special favor to depositors who made deposits as did the plaintiff. If the legislature had so intended, it would have provided for their special protection. It is manifest from the provisions of this law that the legislature attempted to treat all depositors in an equitable way. In other words, the legislature fixed equality among all depositors as equity to all.

Some attention is given in the briefs of both parties to the case of **Orme & Oakey, Receivers v Baker, 74 Oh St, 337, 78 NE 439, 113 Am. St. Rep., 968.** That case, in the opinion of this court, has no application to the instant case, and in no way reflects on the facts appearing herein. The circumstances surrounding the Baker case are wholly different from the facts pleaded in the petition which we are considering here, and the bank involved in that case was an incorporated bank.

It is our conclusion that there is nothing in this petition which entitles the plaintiff to any relief not afforded him by the statutory law of this state, and the petition therefore fails to state a cause of action.

The judgment below is affirmed.

Judgment affirmed.

BLOSSER, PJ, and MAUCK, J, concur.